# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LATRELL ADAMS (# 110376)**                                                 **PLAINTIFF**

**v.**                                                          **No. 4:07CV131-P-B**

**CHRISTOPHER EPPS, ET AL.**                                              **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Latrell Adams (# 110376), who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff seeks transfer to the Kentucky Department of Corrections under the Interstate Corrections Compact, MISS. CODE ANN. § 47-5-1351, because he fears for his safety within the Mississippi Department of Corrections system. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

The plaintiff has been kept on Administrative Protective Custody since April 26, 2006, because he received a threat to his life from gang members. He was housed at the time in Unit 29-G at the Mississippi State Penitentiary in Parchman. He has received further death threats even during his stay in protective custody. Indeed, he received such threats "almost daily." His anxiety over this situation has led prison doctors to prescribe Prozac. In addition, his placement on Administrative Protective Custody prevents him from receiving long-term prison drug treatment as set forth in his sentencing order. He seeks transfer under the Interstate Corrections Compact to the Kentucky Department of Corrections, where he believes he will remain beyond the reach of the inmates who currently threaten him. The responses to the plaintiff's request for

administrative remedy merely stated that the plaintiff was not eligible for such a transfer because he was neither on parole nor eligible for parole. In each stage of the grievance process, the plaintiff argued that those responding to the grievance had mistaken the Interstate Corrections Compact, MISS. CODE ANN. § 47-5-1351, with the Interstate Compact for Adult Offender Supervision, MISS. CODE ANN. § 47-7-81. He has exhausted his administrative remedies under the Administrative Remedy Program. He was transferred to the Wilkinson County Correctional Facility in Woodville, Mississippi, on August 23, 2007.

## Interstate Corrections Compact

On the one hand, the plaintiff is correct about the handling of his grievance. Those responding to his grievance used the wrong statute (the Interstate Compact for Adult Offender Supervision) to analyze his claim. On the other hand, their mistake was understandable, as the statute under which the plaintiff seeks relief does not require the State of Mississippi to move the plaintiff to another state participating in the Interstate Corrections Compact. MISS. CODE ANN. § 47-5-1351. Indeed, the primary purpose of the statute is not to remove inmates in dangerous situations to other states; instead, the statute's purpose is to save money by raising the overall efficiency of member states in the handling and housing of their prisoners:

> The purpose of this compact is to provide for the mutual development and execution of such programs of cooperation for the confinement, treatment and rehabilitation of offenders with the most economical use of human and material resources.

MISS. CODE ANN. § 47-5-1351, Art. I, Purpose and Policy. There is simply no provision in the Interstate Corrections Compact to support the plaintiff's request to be moved to a corrections facility in Kentucky. *Id.* As such, the plaintiff's allegations fail to state a claim upon which relief could be granted.

-2-

**Classification**

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); MISS. CODE ANN. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). The plaintiff's current situation is not extreme enough to warrant judicial intervention. Although the plaintiff has received death threats, he has used the "Red Tag" procedure to identify inmates who would be a threat to him (and who will thus be kept separate from him), has been placed on protective custody, and has recently been transferred to a facility in another part of the state. He appears to be in the safest environment in which the Mississippi Department of Corrections can house him at present. As such, his request for a change in housing assignment must be denied.

In sum, all of the plaintiff's claims shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 15th day of November, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE